IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ANTHONY LOUIS DIXON, PRO SE, § <br> TDCJ-CID #849656, § <br> Previous TDCJ-CID #517887, § <br> Previous TDCJ-CID #669842, § <br> Previous TDCJ-CID #969541, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NFN BAKER; and NFN SELBY, § <br> NFN ELLIS; NFN BEACH; NFN GRIFFIN; § <br> C.C. BELL; NFN NUNN; § <br> GARY JOHNSON; JANIE COCKRELL; and § <br> TEXAS DEPARTMENT OF CRIMINAL § <br>     JUSTICE - INSTITUTIONAL DIVISION; § <br> § <br> Defendants. § | 2:03-CV-0213 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

The claims asserted in this cause were first advanced in Civil Action no. H-03-1528 which was transferred from the United States District Court for the Southern District of Texas, Houston Division, to the United States District Court for the Northern District of Texas, Amarillo Division, and opened as cause no. 2:03-CV-0187. By Order issued July 17, 2003, the claims asserted in the instant suit against the above-named defendants were severed from cause no. 2:03-CV-0187 into 2:03-CV-0213.

Plaintiff ANTHONY LOUIS DIXON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 and has been granted permission to proceed *in forma pauperis*.

By his original complaint and June 23, 2003 More Definite Statement, plaintiff claims defendants BAKER, SELBY, ELLIS, BELL, NUNN, BEACH, JOHNSON, and COCKRELL conspired to falsify an offense report, deny plaintiff effective assistance of counsel and deny him due process. Plaintiff further asserts claims of negligence, emotional distress, and mental anguish. Specifically, plaintiff alleges that defendant ELLIS ordered defendant BAKER to file an offense report against plaintiff for an offense which ELLIS did not witness, thus allegedly conspiring to charge plaintiff falsely, and that BAKER filed a false offense report. He alleges defendant SELBY conspired to falsify the report by allowing inmates to exit the building for work without first checking his turn-out list and that SELBY gave false a false statement against plaintiff. Plaintiff alleges defendant BEACH violated his due process rights by participating in the investigation of the charge and then acting as disciplinary hearings officer. Plaintiff alleges defendant GRIFFIN was ineffective as his substitute counsel and that defendants BELL and NUNN are responsible for the acts of their subordinates under a theory of *respondeat superior*. Plaintiff alleges defendants JOHNSON and COCKRELL are also responsible for the acts of the other defendants under a theory of *respondeat superior*.

By his December 11, 2003 response to the Court's Questionnaire, plaintiff informs the Court that he lost no good time credits as a result of the challenged disciplinary case and suffered only the loss of thirty days' recreation and commissary privileges. Plaintiff further informs the Court that his disciplinary case was never reversed on appeal, called into question by a successful federal habeas corpus action, or favorably terminated in any other way.

Plaintiff requests an award of compensatory and punitive damages, as well as costs of suit.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

A prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995))[3]. Plaintiff's loss of recreation and commissary privileges is not an "atypical and significant hardship" on which a federally-protected liberty interest may be grounded. Consequently, plaintiff's challenges to the due process received during the disciplinary hearing lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, to bring a section 1983 claim based simply on the filing of a false disciplinary charge, or a conspiracy to do so, absent an allegation of retaliatory interference with the exercise of a constitutional right, a prisoner must show favorable termination prior to bringing suit. *Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993)(unpublished)). Given plaintiff's admission that there has been no favorable termination of his disciplinary case, plaintiff's claims of a conspiracy to file and the filing of a false disciplinary charge against him, as well as the submission of a false statement in connection with that charge, all lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claims against defendant Substitute Counsel GRIFFIN, the Court notes a counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this

---

[3] The *Sandin* Court expressly recognized the unusual deprivations in *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital), and *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)(forcible administration of psychotropic drugs), also involved a liberty interest.

type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant GRIFFIN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's claims against defendants BELL, NUNN, JOHNSON, and COCKRELL are based on a theory of *respondeat superior*; however, theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Plaintiff's claims against these defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, plaintiff has alleged no facts stating a claim against defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE and, in any event, has requested only monetary relief. The eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Consequently, plaintiff's claim against the Texas Department of Criminal Justice is barred by the Eleventh Amendment and, thus, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to

Title 42, United States Code, Section 1983, by plaintiff ANTHONY LOUIS DIXON is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

The Court declines to exercise pendant jurisdiction of any state law claims asserted; and they are, therefore, DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   5th   day of October, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE